UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAGDALENA RICHARDS,

                      **Plaintiff,**

              v.                                        3:12-CV-1086 (FJS)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                      **Defendant.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**LACHMAN & GORTON**                     **PETER A. GORTON, ESQ.**
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **TOMASINA DIGRIGOLI, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 13, 17.

## II. BACKGROUND

On January 5, 2010, Plaintiff protectively filed an application for a period of disability, for Supplemental Security Income benefits and Disability Insurance benefits under Title XVI and Title II of the Social Security Act, respectively. *See* Dkt. No. 9, Administrative Record ("AR") at 11.[1] The Social Security Administration initially denied these applications on April 5, 2010. *See id.* at 50. On May 24, 2010, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ") to challenge the denial. *See id.* at 69.

On March 24, 2011, Plaintiff appeared with counsel for a video hearing before ALJ Greener. *See id.* at 27. By decision dated May 17, 2011, the ALJ denied Plaintiff's application for benefits. *See id.* at 11-22. In reaching her decision, the ALJ made the following findings:

> 1. Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013.
>
> 2. Plaintiff had not engaged in substantial gainful activity since June 1, 2009, the alleged onset date.
>
> 3. Plaintiff's bipolar disorder was a severe impairment.
>
> 4. Plaintiff's high blood pressure was a non-severe impairment.
>
> 5. Plaintiff's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 6. Plaintiff's allegations regarding her limitations were not totally credible.
>
> 7. Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she was limited to low stress tasks, i.e., routine daily tasks, which were not fast-paced and did not change in

---

[1] For ease of reference, the Court will refer to the Bates-stamped numbers when citing to the pages of the Administrative Record.

> pace or location on a day-to-day basis.
>
> 8. Plaintiff could not perform an past relevant work.
>
> 9. Plaintiff was a younger individual on the alleged disability onset date, with a high school education and was able to communicate in English.
>
> 10. Given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform.

*See* AR at 13-19.

Based on these findings, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from June 1, 2009, through the date of the ALJ's decision, May 17, 2011. *See id.* at 19.

Plaintiff made a timely request to the Appeals Council of the Social Security Administration to review the ALJ's decision. *See id.* at 7. By Notice of Appeals Council Action dated June 7, 2012, the Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, at which point the ALJ's decision became the Commissioner's final decision.

Having exhausted her administrative remedies, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act, seeking review of Defendant's final decision. *See* Dkt. No. 1. In support of her motion for judgment on the pleadings, Plaintiff argued that (1) the ALJ improperly assessed Counselor Webb's opinion and improperly accepted the opinion of the Social Security Administration's non-examining source who had no opportunity to review any of Counselor Webb's treatment notes other than her very first one in December 2009 and (2) the ALJ erred in her assessment of Plaintiff's credibility.

## III. DISCUSSION

**A.     Standard of review**

   *1. Correct legal principles and substantial evidence*

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). In reviewing an ALJ's decision, the court employs a two-prong test. First, the court must decide if the ALJ applied the correct legal principles. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979) (citations omitted); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation and other citation omitted).

The court must determine whether the ALJ applied the correct legal standards because,

> [w]here there is a reasonable basis for doubt whether the ALJ applied the correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.

*Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

Accordingly, the court will not uphold an ALJ's decision if it is based on an erroneous view of the law. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983).

If the court determines that the ALJ applied the correct legal principles, the court must then decide whether "substantial evidence" supports the ALJ's findings. *See Johnson*, 817 F.2d at 985 (citation omitted); *Richardson v. Parales*, 402 U.S. 389, 401 (1971). "Substantial evidence" is evidence that amounts to "'more than a mere scintilla,'" defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 128 (1938)). Where evidence is deemed susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (citations omitted). If there is substantial evidence to support the ALJ's findings, the court must sustain those findings "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted); *see also Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) (citations omitted). In other words, the court must afford the ALJ's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

### *2. Five-step determination of disability*

To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). In addition, a claimant's

> physical or mental impairment or impairments [must be] of such
> severity that [s]he is not only unable to do h[er] previous work but
> cannot, considering h[er] age, education, and work experience, engage

in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work. . . .

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In evaluating disability claims, the ALJ follows a five-step sequential evaluation process:

> First, the [ALJ] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [ALJ] next considers whether the claimant has a "severe impairment" which significantly limits h[er] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [ALJ] will consider h[er] disabled without considering vocational factors such as age, education, and work experience[.] . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether despite the claimant's severe impairment, [s]he has the residual functional capacity to perform h[er] past work. Finally, if the claimant is unable to perform h[er] past work, the [ALJ] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 20 C.F.R. §§ 404.1520, 416.920. "[T]he claimant bears the burden of proving disability at the first four steps." *Berry*, 675 F.2d at 467. If the claimant meets her burden, then the Commissioner has the burden of proof at the fifth step. *See id.*

**B.     Whether the ALJ properly assessed the opinion of Plaintiff's licensed clinical social worker and afforded too much weight to the opinion of a non-examining psychiatrist**

In her decision, the ALJ noted that Mr. Kyle Webb, Plaintiff's Licensed Clinical Social Worker, opined that Plaintiff had "Bipolar disorder with poor response and little benefit to

medications." *See* AR at 18. However, the ALJ afforded little weight to Mr. Webb's opinion because of Plaintiff's "non-compliance with treatment recommendations" and because his opinion was inconsistent with his notes. *See id.* Mr. Webb indicated that Plaintiff would improve if Plaintiff "followed his recommendations and continued her activities such as attending college, taking care of her daughter and spending time with friends." *See id.* (citing Exhibits 9F, 10F). In addition, the ALJ noted that the session records from the Broome County Mental Health Clinic revealed that Plaintiff had a long history of medical noncompliance. *See id.* at 17 (citing Exhibit 10F).

State agency physician, Dr. E. Kamin, opined that Plaintiff appeared to be capable of performing all tasks necessary for vocational functioning, *see* AR at 18 (citing Exhibit 4F). Dr. Kamin further noted that Plaintiff had "[s]everal meaningful social relationships, steady and supportive friends and [a] boyfriend, [and] live[d] alone with her 4 month old daughter. *See* AR at 266. Dr. Kamin went on to note that Plaintiff had normal affect, was not anxious, did not exhibit compulsive behavior, denied hopelessness, did not have increased activity, had no mood swings or obsessive thoughts, had normal insight, exhibited normal judgment, had normal attention span and concentration, and did not have pressured speech or suicidal ideation. *See id.*

Plaintiff contends that the ALJ improperly assessed Mr. Webb's opinion and improperly accepted the opinion of a non-examining source, Dr. Kamin. *See* Plaintiff's Brief at 3.[2] Plaintiff maintains that Dr. Kamin had no opportunity to review any of Mr. Webb's notes other than the first treatment note in December 2009. *See id.* Plaintiff also asserts that essentially Dr. Kamin had

---

[2] References to page numbers in Plaintiff's and Defendant's briefs are to the page numbers that the Court's electronic filing system generates.

almost no records, other than the above-referenced note and the three times that Plaintiff saw her primary care practitioner and none of the twenty-eight additional times. *See id.* at 11 (citing Tr. 289-304, 319-327). Finally, Plaintiff argues that the ALJ chose to cite only those portions of Mr. Webb's notes that "could be read to be contrary to the Plaintiff ignoring all the rest of the extensive treatment. *See id.* at 19.

To the contrary, Defendant argues, first of all, that the ALJ accorded Dr. Kamin's opinion "great weight" not "controlling weight." *See* Defendant's Brief at 3. Furthermore, Defendant notes that "Social Security regulations require the ALJ to consider the medical assessments of state agency medical consultants." *See id.* (citing 20 C.F.R. §§ 416.912(b)(6), 416.913(c), and 416.1527(f)(2); SSR 96-6p). Defendant asserts that "state agency medical consultants are highly trained, qualified physicians, who like Dr. Kamin, are experts in the evaluation of medical issues in disability claims under the Act. *See id.* (citing 20 C.F.R. § 416.927(f)(2)(i)). Defendant contends that "the opinion of a non-examining source may constitute substantial evidence and override the opinion of an examining source if it is supported by substantial evidence in the record." *See id.* (citing *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995)).

Furthermore, Defendant notes that "Dr. Kamin cited evidence from Plaintiff's treating sources to support his opinion." *See id.* at 14 (citing Tr. 266). Dr. Kamin noted treatment records from BCMHC that indicated that a December 15, 2009 mental status examination revealed that Plaintiff's mood was euthymic, her affect was appropriate, her memory was intact, and her thought processes were intact. *See id.* Dr. Kamin also noted evidence from JCFCC indicating that, on March 8, 2010, a psychiatric assessment revealed that Plaintiff's affect was normal, she was not anxious, she did not exhibit compulsive behavior, her behavior was appropriate for her age, and she

was not in denial. *See id.*

In addition, on March 30, 2010, Dr. Mahfuzur Rahman, a staff psychiatrist at BCMHD, found that Plaintiff made good eye contact, her speech was normal to mildly pressured at times, and her mood appeared euthymic "with mood-congruent and broad affect." *See* Defendant's Brief at 14. Dr. Rahman went on to say that Plaintiff's thought process was goal directed and linear, her insight and judgment were intact, her intelligence appeared to be average, and she denied suicidal or homicidal ideation. *See id.* at 14-15 (citing Tr. 276, 307).

Finally, Defendant notes that Mr. Webb, a licensed social worker, is not an acceptable medical sources and, thus, her opinion was not entitled to controlling weight. *See id.* at 16. In addition, Mr. Webb's December 15, 2009 mental status findings, which staff psychiatrist Dr. Eric Lin reviewed, contained many normal mental status findings. *See* Defendant's Brief at 16 (citing Tr. 247, 274). In addition, treatment records from JCFCC for January 8, January 26, and March 8, 2010, contained many normal psychiatric findings. *See id.* (citing Tr. 207, 212, 219).

Where an ALJ finds against the claimant, she must set forth the specific reasons for the weight she assigned to a treating source's opinion. *See* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Lunan v. Apfel*, No. 98-cv-1942, 2000 WL 287988, *5 (N.D.N.Y. Mar. 10, 2000). Generally, the more consistent an opinion is with the record as a whole, the more weight the ALJ will give to that opinion. *See* 20 C.F.R. § 404.1527(c)(4).

An ALJ is not required to give controlling weight to a treating physician's medical source statement, which indicates that a disability claimant's bipolar disorder would moderately limit her ability to perform a number of tasks, where that physician's statements conflict with her own treatment notes and was directly contradicted by the expert physician's opinion. *See* 20 C.F.R.

§ 404.1527(c)(2). An ALJ will give more weight to the opinion of a specialist about medical issues related to her area of specialty than to the opinion of a source who is not a specialist. *See* 20 C.F.R. § 404.1527(c)(5).

In this case, the ALJ correctly accorded great weight to the opinion of Dr. Kamin, a psychiatrist, who found that, on several different occasions Plaintiff's mental status revealed that Plaintiff's mood was euthymic, her affect was appropriate, her memory was intact, her thought processes were intact, she was not anxious, and she was not in denial. Dr. Kamin's findings were consistent with other evidence in the record, including the opinion of Drs. Rahman and Lin.

Furthermore, as Defendant noted, the ALJ was not required to accord Mr. Webb's opinion controlling weight. In *Newsome v. Astrue*, 817 F. Supp. 2d 111 (E.D.N.Y. 2011), the ALJ noted that, although he considered the opinion of the plaintiff's social worker, he did not accord it great weight because the social worker's opinions conflicted with those of the plaintiff's treating neurologist, during the same time period, and because a social worker is not considered an "acceptable" medical source according to the regulations. The court found that "[t]he ALJ has discretion to determine the appropriate weight to accord the [other source's] opinion based on all the evidence before him." *See id.* at 27 (citing *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995)). The court also concluded that the ALJ did not abuse his discretion in crediting the controlling opinion of the plaintiff's treating neurologist over that of his social worker. *See id.*; *Anderson v. Astrue*, 682 F. Supp. 2d 89 (D. Mass. 2010) (finding that the ALJ's failure to accord the social worker's opinion significant weight was reasonable under the circumstances).

Based on this record, the Court finds that there is substantial evidence in the record to support the ALJ's assessment of the opinion of Mr. Webb, Plaintiff's clinical social worker, and the

ALJ's decision to accord Dr. Kamin's opinion great weight.

C.      **Whether the ALJ erred in assessing Plaintiff's credibility**

It is the function of the ALJ, and not the courts, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. at 399, 91 S. Ct. at 1426) (other citations omitted). Although the ALJ need not resolve every conflict in the record, "'the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence.'" *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citing *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983))) (other citations omitted).

In determining the credibility of the claimant's statements, the ALJ must consider the entire record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the claimant, and any other relevant evidence in the record. *See* SSR 96-7p, 1996 WL 374186, *1 (July 2, 1996). However, it is not "require[d] that [the ALJ] have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (*per curiam*) (citation omitted); *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (rejecting argument that the ALJ must explicitly reconcile every shred of conflicting testimony); *Barringer v. Comm'r of Soc.*

-11-

*Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (stating that "'an ALJ is not required to discuss all the evidence submitted, and her failure to cite specific evidence does not indicate that it was not considered'" (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000))).

"The claimant's subjective complaints are an important element of the RFC calculus[.]" *Cornell v. Astrue*, 764 F. Supp. 2d 381, 399 (N.D.N.Y. 2010) (citing *Lewis v. Apfel*, 62 F. Supp. 648, 657-58 (N.D.N.Y. 1999)); *Mimms v. Heckler*, 750 F.2d 180, 185 (2d Cir. 1984) (citation omitted). However, "[s]ubjective symptomatology by itself cannot be the basis for a finding of disability." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 68 (N.D.N.Y. 2012). A claimant must present medical evidence of findings that the existence of an underlying condition could reasonably be expected to produce the symptoms alleged. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(b), 416.929; SSR 96-7p, 1996 WL 374186 (July 2, 1996); *Gernavage v. Shalala*, 882 F. Supp. 1413, 1420 n.7 (S.D.N.Y. 1995).

Although an ALJ "is required to take the claimant's reports of pain and other limitations into account," she is "not required to accept the claimant's subjective complaints without question[.]" *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Id.* (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)); *Mimms*, 750 F.2d at 186 (quotation omitted). If the ALJ decides to reject subjective testimony concerning pain and other symptoms, she must do so explicitly and with sufficient specificity to enable the reviewing court to decide whether there are legitimate reasons for the ALJ's disbelieve and whether there is substantial evidence to support his determination. *See Tome v. Schwiker*, 724 F.2d 711, 713 (8th Cir. 1984); *Valente*, 733 F.2d at 1045 (citations omitted). The ALJ may also find a claimant's statements, such

as statements about the extent of functional limitations or restrictions due to pain or other symptoms, to be credible to a certain degree. *See* SSR 96-7p, 1996 WL 374186, at *1.

One strong indicator of the claimant's credibility is its consistency, both internally and with other information in the record. *See id.* The ALJ must consider such factors as the degree to which the claimant's statements are consistent with the objective medical evidence, the consistency of the claimant's own statements, and the consistency of the claimant's statements with other information in the record. *See id.* However, lack of consistency between a claimant's statements and other statements that he has made at other times does not necessarily mean that the claimant's statements are not credible. *See id.*

Symptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time, and this may explain why the claimant does not always assert the same intensity, persistence, or functional effects of her symptoms. *See id.* Therefore, the ALJ must review the record to determine if there are any explanations for any variations in the claimant's statements about her symptoms and their effects. *See id.*

The regulations establish a two-prong procedure for evaluating a claimant's contentions of disability symptoms. *See* 20 C.F.R. § 404.1529(c). First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment [] that could reasonably be expected to produce" the level of pain or symptoms alleged. *Id.*; *see also* SSR 96-7p, 1996 WL 374186, at *1. Second, the ALJ must evaluate the intensity and persistence of the symptoms experienced, considering all of the available evidence and, in the event that the claimant's testimony about her pain is not substantiated by objective medical evidence, must engage in a credibility analysis. *See* 20 C.F.R. § 1529(c)(3); *Meadors v. Astrue*, 370 F. App'x 179, 183-84 (2d Cir. 2010). In making

that assessment, the ALJ must consider seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness and side effects of any medication the claimant takes or has taken to alleviate her pain or other symptoms; (5) other treatment that the claimant receives or has received for relief of her pain or other symptoms; (6) other measure the claimant uses or has used to relieve his pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions resulting from her pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *Meadors*, 370 F. App'x at 186 n.1.

In this case, the ALJ correctly applied this two-step process. First, the ALJ found that Plaintiff had a severe impairment that could reasonably be expected to produce the pain and other symptoms that Plaintiff alleged. Next, the ALJ considered Plaintiff's testimony about her daily activities and how she cared for her infant daughter. The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with her residual functional capacity findings. The ALJ also considered Plaintiff's credibility in light of the medical findings of psychiatrists who found that, in January 2010, Plaintiff had denied all psychiatric symptoms such as anxiousness, depression, fearfulness, or hopelessness. Although the medical sources noted that Plaintiff had poor insight and poor judgment, they also noted that her bipolar condition improved with medication. Finally, the ALJ found that Plaintiff's complaints to the Broome County Mental Health Clinic were not credible because the "new complaints" contrasted dramatically with prior statements that she had made to her primary provider.

Based on this record, the Court finds that there is substantial evidence in the record to

support the ALJ's conclusion with regard to Plaintiff's credibility.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 13, is **DENIED**, and Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2015
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge